UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME L. GRIMES,<br><br>Plaintiff,<br><br>v.<br><br>CRAIG TERRELL,<br><br>Defendant. | Case No. 17-cv-03758-JSW<br><br>**ORDER OF DISMISSAL**<br><br>(ECF No. 7) |

Plaintiff, a jail inmate, filed this pro se civil rights case. On May 18, 2000, this Court informed Plaintiff that under the "three-strikes" provisions of 28 U.S.C. § 1915(g) he generally is ineligible to proceed *in forma pauperis* in federal court with civil actions filed while he is incarcerated. *See Grimes v. Oakland Police Dept.*, C 00-1100 CW (Order Dismissing Complaint, 5/18/00). Since then, Plaintiff has continued to file hundreds of civil rights actions seeking *in forma pauperis* status. With respect to each action filed, the Court conducts a preliminary review to assess the nature of the allegations and to determine whether Plaintiff alleges facts which bring him within the "imminent danger of serious physical injury" exception to § 1915(g). In the past, Plaintiff has routinely been granted leave to amend to pay the full filing fee and to state cognizable claims for relief, but he has habitually failed to do so. For example, in 2003 alone Plaintiff's failure to comply resulted in the dismissal of approximately thirty-six actions under § 1915(g).

In accord with this ongoing practice, the Court has reviewed the allegations in the present action and finds that Plaintiff alleges no facts which bring him within the "imminent danger" clause. As in his many prior cases, the complaint herein makes highly implausible and sometimes unintelligible allegations. Plaintiff has been informed on numerous occasions that allegations and claims such as these do not establish imminent danger nor do they state cognizable claims for relief. Therefore, it would be futile to grant Plaintiff leave to amend.

Accordingly, the application for leave to proceed in forma pauperis is DENIED and this case is DISMISSED without prejudice under § 1915(g). If Plaintiff is so inclined, he may bring his claims in a new action accompanied by the $350.00 filing fee. In any event, the Court will continue to review under § 1915(g) all future actions filed by Plaintiff while he is incarcerated in which he seeks *in forma pauperis* status.

In addition, on November 13, 2017, mail to Plaintiff returned by the postal service as undeliverable because he was not located at the address he provided. Plaintiff has not notified the clerk of his current address. Pursuant to Local Rule 3-11(b) — requiring parties to keep the court informed of their current mailing address and stating that the failure to do so within sixty days of the return of mail as undeliverable will result in dismissal of their case without prejudice . This case must also be DISMISSED on these grounds. *See also* Fed. R. Civ. P. 41(b).

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: January 23, 2018

JEFFREY S. WHITE
United States District Judge

2